## Patterson et al. *versus* Roberts.

In an action of assumpsit by A. against B., on promissory notes, A. filed his statement with his præcipe. B. filed an affidavit of defence. A. took a rule for judgment for want of sufficient affidavit, and B., by permission of the court, then filed a supplemental affidavit, and the case was submitted on paper books. On June 2d the court discharged the rule for judgment; and on June 23d A. submitted an exception in writing, to the court at chambers, to this ruling. The court declined to note the exception, on the ground that it was filed too late, under the rule of court requiring such exceptions to be filed within twenty days. A. again presented his exception in open court, and it was refused on the same ground. Thereupon he took a writ of error, assigning as reasons the judgment of the court discharging his rule, and the refusal of the court to note his exceptions on the record:

*Held,* that the Supreme Court could not, on writ of error, review the action of the court below, in refusing to note A.'s exception; and as there was no exception on the record they could not pass upon the ruling of the court below in discharging A.'s rule for judgment. The writ was, therefore, dismissed without prejudice to A.'s right to trial by jury and a second writ of error after final judgment.

[Patterson v. Roberts.]

February 13th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Delaware county :* Of January Term, 1885, No. 213.

Amicable action of assumpsit, by Robert E. Patterson et al., executors of Robert Patterson, deceased, against Charles Roberts, on two promissory notes.

The plaintiffs filed their statement with their præcipe March 3d, 1884. Subsequently the defendant filed an affidavit of defence ; and the plaintiffs took a rule for judgment for want of sufficient affidavit. Upon the argument of this rule the court granted the defendant leave to file a supplemental affidavit. This was duly filed, and the case then submitted on paper books. On June 2d the court discharged the rule for judgment, and on June 23d the plaintiffs' counsel submitted the following exception to the order discharging the rule for judgment, to the judge at chambers : " The said plaintiffs except to the ruling and opinion of the court discharging the rule entered by the said plaintiffs in the above case for judgment for want of a sufficient affidavit of defence." The court refused to note the exception on the ground that it had not been made in time, under the following rule of court :—

" Sec. 3. In every case where a bill of exceptions is tendered the same shall be prepared in form, and presented to the judge within twenty days after the verdict, or final disposition of the case on a motion for a new trial, arrest of judgment, or motion for judgment on points reserved."

At the next session of court, on July 14th, 1884, plaintiffs again presented their exception, and the court again declined to note it on the record, for the same reason.

The plaintiffs thereupon took this writ, filing the following specifications of error :—

" 1. The learned court erred in discharging the rule entered by the said plaintiffs in the above case for judgment for want of a sufficient affidavit of defence."

" 2. The learned court erred in refusing to note the exceptions tendered by plaintiffs' counsel, on June 23d, at chambers, and on July 14th in open court."

*William Ward*, for plaintiffs in error.

*William B. Broomall* (with whom was *J. B. Hinkson*), for defendant in error.

The opinion of the court was filed February 23d, 1885.

PER CURIAM. If any injustice has been done to the plain-

tiffs we àre powerless to grant relief on this writ of error. As the record does not show any exception to the action of the court in refusing judgment, we cannot assume any was taken. On this writ we cannot review the action of the court in refusing to note an exception. If it was improperly refused, this is not the way to right the error. There is nothing here which we can review. It is only where the plaintiff excepts to the decision of the court refusing judgment for want of a sufficient affidavit of defence, that the right to a writ of error is given: Act of 18th April, 1874, § 2, P. L. 64; therefore

> Writ of error dismissed at the costs of the plaintiffs, but without prejudice to their right to trial by jury and a second writ of error after final judgment.