# Smallwood, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Fellow servant—News agent—Act of April 4, 1868, P. L. 58.*

An agent of a news company employed to sell papers, fruit and confectionery on railroad trains, and permitted to ride thereon by virtue of a contract between the railroad company and the news company, is in the position of an employee of the railroad company within the meaning of the first section of the Act of April 4, 1868, P. L. 58, and if he is killed by the negligence of an employee of the railroad company, no recovery can be had for his death.

Argued May 7, 1906.   Appeal, No. 351, Jan. T., 1905, by plaintiff, from order of C. P. Fayette Co., Dec. T., 1904, No. 249, refusing to take off nonsuit in case of Lillian M. Smallwood v. Baltimore & Ohio Railroad Co.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.

REPPERT, P. J., filed the following opinion :

Brent F. Smallwood was a railway news agent employed by the Union News Company on the trains of the defendant.   His run was between Cumberland and Pittsburg, leaving the former city at 9 A. M., and returning on the Duquesne Limited due in Cumberland about 11 P. M.   He was killed in the wreck of the Duquesne Limited at Laurel Run on the evening of December 23, 1903, and this action is brought by his widow to recover therefor.   That he was on the train in the usual course of his employment and engaged in its duties at the time of his death is, we think, fully established by competent evidence. After the plaintiff's testimony was closed a motion for a compulsory nonsuit was sustained on the ground that the first section of the act of April 4, 1868, precluded recovery.   The section reads as follows :

" That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which such person is not an employee, the right of action and recovery in all

such cases against the company shall be such only as would exist if such person were an employee. Provided, that this section shall not apply to passengers."

The matter now comes before us on a motion to take off the compulsory nonsuit and to grant a new trial.

It is contended on behalf of the plaintiff that while Small-wood was lawfully engaged on the defendant's train and employed thereon, he was a passenger and within the proviso of the statute, thereby preventing its application.

The contract between the railroad company and the news company provides that the latter shall have "the exclusive right to sell by its agents and employees newspapers, periodicals and books, confections and fruit, cigars and tobacco (the sale of cigars and tobacco on trains being limited to smoking cars) at the stations and on all the passenger trains operated by the railroad company" for a stated consideration and upon certain terms and conditions. The contract further provides for the free transportation of the newspapers and other articles to be sold; that "news agents and employees at the stations shall be clothed in uniform, neat and clean in person and dress, polite to passengers, and while on trains shall be subject to the discipline of the conductor, and while in stations shall be subject to the discipline of the station master or agent. Any conductor, superintendent, station master or agent shall have the right to remove any news agent or employee from the train or station if in the opinion of such officer he may have acted improperly. The news company shall discharge any news agent on train or at a news stand who is objectionable to the railroad company. While soliciting sales agents shall not be permitted to annoy passengers but may announce in the day coaches in a low tone of voice the articles offered for sale," etc.

"Agents' trunks must be placed on the train in the baggage car, or such other location as may be designated by the conductor, not less than ten minutes before the time of the departure of the train," etc. The foregoing are the provisions of the contract pertinent to the case, and, as it seems to us, they must determine the legal relation of the deceased to the defendant. If the deceased was a passenger on the train it was because this contract with his employer made him one. It is not contended than he was there by virtue of any other

right or privilege. The contract itself distinguishes the agents and employees of the news company from the passengers carried on the trains of the defendant by requiring that they shall be "polite to passengers," they "shall not be permitted to annoy passengers," they "shall be clothed in uniform, neat and clean in person and dress." Regulations such as these are designed for and apply to employees, not patrons and passengers of the road.

The subject of this contract is not the transportation of anything or anybody. It grants the right to carry on a business on the trains and at the stations of the defendant company. The deceased was hired to look after that business on certain trains. In the exercise of his employment he was necessarily required to be on those certain trains. He did not travel as a passenger to a destination and on the train of his choice, and free to go or stay. His traveling on the cars, like that of a brakeman or fireman, was in pursuance of his employment; it was not under a contract with the company for his transportation to a particular point or generally. The obligation of the railroad company was not to carry the deceased on its trains, but to allow his employer, through him, to sell certain goods thereon. The transportation of the deceased was an incident, not the subject, of the contract under the provisions of which he was on the defendant's train. It was not a contract for transportation with the right and privilege attached of selling on defendant's trains and premises. Except as implied in the right granted to sell by its agents and employees on the passenger trains of the railroad company the contract makes no reference to a provision for the transportation of the agents and employees of the news company. Beyond an opportunity to vend his wares and a place in the baggage car, or such other location as may be designated by the conductor for the trunks or cases containing his stock, the news agent has no express right upon the train. He is not entitled to a seat as passengers are, and, like a brakeman or other employee, he cannot occupy one to the exclusion of a passenger. The baggage car where he may be required to keep his stock is a recognized place of danger. The two front seats in the smoker, the location, in this case, designated by the conductor for that purpose, are but a degree less dangerous. The news agent is under the

control of the conductor only to the extent of being subject to his discipline for misconduct, just as other employees on the train are.  Beyond that the conductor can exercise no control over him, nor is he bound, nor can he be compelled, under the terms of the contract, to conform to the rules of the company, whether for protection or otherwise, as passengers are, and the duties of his employment are inconsistent with such control and observance.  His employment is a dangerous one, involving many of the risks to which other train employees are exposed, but to which passengers are not subjected.  He is not a passenger as defined in Penna. Railroad Co. v. Price, 96 Pa. 256, being " one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, as the payment of fare, or that which is accepted as an equivalent therefor," nor does he bear that relation to the carrier, because, as above pointed out, the contract in this case is not a contract for transportation by virtue of which he " travels " upon the train.  It grants the right to conduct a business on the train, and Smallwood was there engaged and employed in conducting that business.

Much stress is laid by the plaintiff's counsel upon the case of Rowdin v. Penna. R. R. Co., 208 Pa. 623, as sustaining their contention that a person may be employed upon a train and yet be a passenger and within the proviso of the act above quoted.  The contract of the railroad company in the Rowdin case was to carry two horses from Wissahickon Heights, Pa., to Trenton, N. J., with a man in charge, the consideration for whose transportation was included in the sum paid for the carriage of the horses.  It was held that the man in charge was carried under a contract as a passenger for hire, and, being within the proviso, was not prevented by the act of 1868 from recovering for injuries received in a collision.  The contract with the railroad in that case was a contract for transportation and for nothing else.  The duty imposed upon the railroad was simply and solely to carry Rowdin and the horses from starting point to destination, and this duty was undertaken for hire.  He was not " employed " upon the train in any different sense from that in which thousands of passengers are daily engaged, as the drover, nurse, traveling companion or other attendant, and he, no more than they, so far as his employment was con-

544 SMALLWOOD, Appellant, *v.* B. & O. R. R. CO.

Opinion of Court below. [215 Pa.

cerned, sustained any relation whatever to the company by contract or otherwise. He clearly came within the definition of a passenger and as clearly was not employed upon the train. On the other hand, Smallwood, although not an employee of the company, was engaged and employed upon the company's train in the conduct of a business connected therewith by a contract between his employer and the company providing therefor, and made expressly for that purpose and for nothing else. Under the authority of Penna. Railroad Co. v. Price, supra, we are led to the conclusion that Smallwood, at the time of his death, although not an employee of the defendant, was lawfully employed in and upon the train of the defendant, and was not a passenger of the defendant. He therefore comes within the first section of the act, and not within the proviso. It is urged that Price was not a passenger and could not re-cover because he was carried by compulsion under the act of congress. In construing the act of 1868 the supreme court of the United States say that the statute of the United States authorizing the appointment of clerks for the purpose of assorting and distributing mail matter in railway post offices, and directing that every railway company carrying the mail shall carry on any train which may run over its road, and without extra charge therefor, all mailable matter directed to be carried thereon with the person in charge of the same, does not make the person so engaged a passenger nor deprive him of that character, nor does it give to persons so employed any right as against the railroad company which would not belong to any other person in a similar employment by others than the United States. And Mr. Justice MESTREZAT, in commenting on the postal clerk cases in Rowdin v. Penna. R. R. Co., 208 Pa. 623, says: " Neither he (the postal clerk) nor his employer, the United States government, contracts with the company for his transportion." He is therefore not a passenger within the meaning of the act, and does not come within the proviso. He is, however, lawfully employed upon the train of the railroad company by the United States government, and the act of congress requires that this employment be recognized and provision made therefor in the contract which the government makes with the railway company for carrying the mail, and, therefore, he comes within the language of the act.

*Error assigned* was refusal to take off nonsuit.

*W. J. Sturgis* and *Albert A. Doub*, with them *George D. Howell* and *James A. McHenry*, for appellant.

*D. W. McDonald*, with him *Thomas H. Hudson* and *James R. Cray*, for appellee.

PER CURIAM, May 24, 1906:
Judgment affirmed on the opinion of the court below.