# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Perillo, : 
                    Petitioner : 
                              : 
            v. : 
                              : 
Workers' Compensation Appeal : 
Board (Extended Healthcare Services, : 
Inc. and State Workers' Insurance : 
Fund), : No. 649 C.D. 2020
                 Respondents : Submitted: December 4, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: March 3, 2021

        Jacqueline Perillo (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) June 10, 2020 order affirming Workers' Compensation Judge Joseph Sebastianelli's (WCJ Sebastianelli) decision granting Claimant's petitions to modify Claimant's WC benefits from partial to total disability and to reinstate Claimant's WC benefits to total disability (collectively, Petitions), finding that the Claimant was entitled to reinstatement of her total disability WC benefits as of March 2, 2018, the date she filed the Petitions. Essentially, Claimant presents one issue for this Court's review: whether the Board's decision deprives Claimant of a vested right to WC benefits and improperly gives force to an unconstitutionally invalid statute pursuant to *Protz v. Workers'*

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

*Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).[2]  After review, this Court affirms.

On October 9, 2003, Claimant sustained a compensable work-related injury for which she received total disability benefits.  Thereafter, Employer filed a modification petition based upon an impairment rating evaluation (IRE) performed on October 4, 2011, which WCJ Mark A. Peleak (WCJ Peleak) granted on July 16, 2012.[3]  WCJ Peleak modified Claimant's WC benefits from total to partial disability as of October 4, 2011.  On March 2, 2018, Claimant filed the Petitions alleging that her total disability benefits should be reinstated because the IRE process was deemed unconstitutional by *Protz II*.  Claimant sought reinstatement of her total disability benefits retroactive to October 4, 2011.  On July 29, 2019, WCJ Sebastianelli granted Claimant's Petitions, but reinstated Claimant's WC benefits to total disability effective March 2, 2018, the date she filed the Petitions.  Claimant and Employer appealed to the Board.  On June 10, 2020, the Board affirmed WCJ Sebastianelli's decision.  Claimant appealed to this Court.[4,5]

Claimant argues that the Board's decision deprives Claimant of a vested right to WC benefits and improperly gives force to an unconstitutionally invalid

---

[2] Claimant presented two issues in her Statement of Questions Involved: (1) whether the Board's decision deprives Claimant of a vested right to WC benefits and improperly gives force to an unconstitutionally invalid statute; and (2) whether *Protz II* requires the reinstatement of Claimant's WC benefits as of the date they were improperly modified, rather than the date she filed her Petitions.  *See* Claimant Br. at 2.  Because these issues overlap, this Court has combined them herein.

[3] Claimant's impairment rating was calculated to be less than 35% based on the Sixth Edition of the American Medical Association Guides to Evaluation of Permanent Impairment.

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence."  *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[5] Employer also appealed to this Court.  *See Extended Healthcare Servs., Inc. v. Workers' Comp. Appeal Bd. (Perillo)* (Pa. Cmwlth. No. 620 C.D. 2020, filed March 3, 2021).

statute. Specifically, Claimant contends that WCJ Sebastianelli should have reinstated Claimant's total disability benefits as of the date of the constitutionally invalid October 4, 2011 IRE pursuant to *Protz II*.

Employer rejoins that, because Claimant did not challenge the validity of the October 4, 2011 IRE until after *Protz II* was decided, *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), and its progeny, mandate that Claimant is not entitled to reinstatement as of the IRE date.

In discussing the retroactivity of *Protz II*, the *Whitfield* Court opined:

> Our decision today does not impose any new legal consequences based upon a past transaction. Simply because *Protz II* is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively. It would be retroactive if it related back and gave a prior transaction a legal effect different from that which it had under the law in effect at the time. <u>This decision does not alter Claimant's **past** status. Rather, it gives effect to the Claimant's status as it existed at the time she filed her reinstatement petition</u>, which was filed within the statutory timeframe for filing such petitions.

*Whitfield*, 188 A.3d at 617 (underline emphasis added; citations omitted); *see also Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 564 (Pa. Cmwlth. 2020) ("[T]he Board's conclusion that [**the c**]**laimant was entitled to reinstatement of total disability benefits as of the date** [**the c**]**laimant filed the** [**reinstatement p**]**etition** is consistent with Act 111,[6] the WC Act [(Act)],[7] and precedent."); *White v. Workers' Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225,

---

[6] Act of October 24, 2018, P.L. 714. Act 111 specifically incorporated and adopted the use of the American Medical Association Guides to Evaluation of Permanent Impairment, 6th edition, second printing April 2009, for performing IREs.

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4 - 2501-2710.

1231 (Pa. Cmwlth. 2020) ("[The c]laimant's modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [**the c]laimant [] is entitled to reinstatement as of the date of her reinstatement petition**, not the effective date of the change in her disability status from total to partial.") (emphasis added).

Claimant attempts to distinguish *Whitfield* by claiming that, unlike the claimant in *Whitfield*, Claimant was still receiving WC benefits when *Protz II* was decided. Thus, Claimant asserts that, because Claimant filed her Petitions within the 500-week period that she was receiving partial disability benefits,[8] Claimant should get the full benefit of *Protz II*.

Claimant misconstrues the holding in *Whitfield*. The *Whitfield* Court explained that, because Section 413(a) of the Act provides that "[a] [WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate [WC benefits] . . . upon petition filed by either party . . . , upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . ," there are **no vested rights** in WC benefits. 77 P.S. § 772; *see also Whitfield*. Further, the *Whitfield* Court ruled that, because Section 413(a) of the Act expressly states that the petition must be "filed . . . within three years after the date of the most recent payment of compensation made prior to the filing of such petition[,]" the claimant therein timely filed her petition. *Id.*

In *Whitfield*, the timing of *Protz II* had no bearing on the date of the reinstatement of the claimant's WC benefits. Rather, the date of reinstatement of WC benefits was the date of the petition because the determination was based on **the claimant's status as of the date of the filing**. *Whitfield*. Consequently, the fact

---

[8] *See* Section 306(b)(1) of the Act, 77 P.S. § 512 ("For disability partial in character caused by the compensable injury . . . compensation shall be paid during the period of such partial disability . . . , **but for not more than five hundred weeks**.") (emphasis added).

that Claimant herein was receiving WC benefits when *Protz II* was filed, and the claimant in *Whitfield* was not, is of no moment. Because Claimant did not challenge the October 4, 2011 IRE until after *Protz II* was decided, she is in the same position as the *Whitfield* claimant.[9] Accordingly, pursuant to Section 413(a) of the Act, Claimant has no vested right to WC benefits and no entitlement to reinstatement of her total disability effective as of her October 4, 2011 IRE.[10]

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Leavitt concurs in the result only.

_____

[9] *Contra Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018) (The claimant's IRE challenge was still pending when *Protz II* was decided; therefore, the claimant was entitled to the benefit of *Protz II*.).

[10] Claimant also argues that allowing modification of WC benefits based on an invalid IRE violates Article I, Section 2 of the Pennsylvania Constitution, also known as the Remedies Clause.

> However, [the Pennsylvania Supreme Court] limited the scope of the protection to vested rights: 'It must be something more than a mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another.'

*Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1241 (Pa. 2008) (quoting *Lewis v. Pa. R. Co.*, 69 A. 821, 823 (Pa. 1908)). Given that this Court concludes Claimant does not have a vested right in WC benefits, the Remedies Clause does not apply.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline Perillo, :
                      Petitioner :
                       :
              v. :
                       :
Workers' Compensation Appeal :
Board (Extended Healthcare Services, :
Inc. and State Workers' Insurance :
Fund), : No. 649 C.D. 2020
              Respondents :

## O R D E R

AND NOW, this 3rd day of March, 2021, the Workers' Compensation Appeal Board's June 10, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge