IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela Barrett Walker, : 
                Petitioner : 
                 : 
      v. : No. 885 C.D. 2023 
                 : Submitted: July 5, 2024 
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
             Respondent : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                    FILED: September 3, 2024

Pamela Barrett Walker (Claimant) petitions for review (Petition for Review) of the July 17, 2023 (Order) of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) January 11, 2023 decision and order (Decision) that granted the City of Philadelphia's (Employer) Petition to Modify Compensation Benefits (Petition to Modify). After review, we affirm.

## I. Factual and Procedural Background

On April 20, 2004, Claimant sustained work-related injuries, including bilateral hand contusions and complex regional pain syndrome, while working for Employer.  Bd. Op., 7/17/23, at 1.  In 2022, Claimant underwent an Impairment Rating Evaluation (IRE), provided for in Section 306(a.3) of the Pennsylvania Workers' Compensation Act (Act).[1]  Bd. Op., 7/17/23, at 1.  Lynn Yang, M.D. (Dr. Yang), certified in Pennsylvania to perform IREs using the Sixth Edition of the American Medical Association (AMA) Guide to Permanent Impairment (Guides), performed Claimant's IRE.  WCJ Dec., 1/11/23, ¶ 10(b).  Dr. Yang opined Claimant had a whole-person impairment rating[2] of 15%.  *Id.* ¶ 10(l).  As a result of the IRE, Employer filed its Petition to Modify Claimant's disability status from total to partial.

In his Decision, the WCJ found Dr. Yang's 2022 IRE of Claimant established Claimant had a whole-person impairment rating of 15% and, accordingly, the WCJ granted Employer's Petition to Modify.  Claimant appealed to the Board, and the Board entered its Order holding the WCJ did not err in modifying Claimant's benefit status based on the 2022 IRE.  Claimant now petitions this Court for review.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

[2] Impairment rating means "the percentage of permanent impairment of the whole body resulting from the compensable injury.  The percentage rating for impairment under this clause shall represent only that impairment that is the result of the compensable injury and not for any preexisting work-related or nonwork-related impairment."  77 P.S. § 511.3(8)(ii).

2

Claimant presents the following questions for our review: (1) whether "the retroactive application of Act 111 of 2018 . . . to work injures that occurred before its effective date . . . violate[s] [a]rticle I, [s]ection 11 of the Pennsylvania Constitution, otherwise known as the Remedies Clause[,]" and (2) "[d]oes Act 111 effect an unconstitutional delegation of legislative authority?" Claimant's Br. at 4, ¶¶ 1, 2.[3]

## II. Discussion

This Court reviews an order of the Board for violations of a petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review for lack of substantial evidence supporting the findings of fact necessary to sustain the order. *Id.* In considering questions of law, our standard of review is *de novo*, and our scope of review is plenary. *See Edwards v. Workers' Comp. Appeal Bd. (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 n.4 (Pa. Cmwlth. 2016). In other words, we need not defer to the conclusions of law below, and we review the entire record before us with a fresh pair of eyes. Additionally, we recognize that "any party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration the statute 'clearly, palpably, and plainly' violates the

---

[3] In her Petition for Review, Claimant puts forth the following objections: (1) the Board and WCJ determinations were not supported by substantial evidence, (2) the Board and WCJ determinations were based on errors of law, and (3) Act 111 of 2018, 77 P.S. § 511.3, is unconstitutional. Pet. for Rev., ¶¶ 5-9. However, because Claimant does not raise or develop the first two issues in her brief, they are waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

3

Constitution." *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1239 (Pa. 2008) (citation omitted).

We begin by reviewing and considering the applicable statutory provisions. Section 306(a.3) of the Act provides, in relevant part:

(1) When an employe has received total disability compensation pursuant to clause (a)[, *see* Section 306(a) of the Act, 77 P.S. § 511,] for a period of one hundred and four weeks, . . . the employe shall be required to submit to a medical examination which shall be requested by the insurer . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [Guides]. . . .

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [Guides], the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than thirty-five per centum impairment under the [Guides] . . ., the employe shall then receive partial disability benefits under clause (b)[, *see* Section 306(b) of the Act, 77 P.S. § 512]. . . .

(3) . . . the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [Guides] . . . .

77 P.S. § 511.3(1)-(4). Additionally, the credit provisions of Section 3 of Act 111 state:

4

(1)  For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the act.

(2)  For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

Act 111, § 3(1)-(2).

### Act 111 and the Remedies Clause

We first address Claimant's argument that Act 111's retroactive application violates the Remedies Clause of the Pennsylvania Constitution by extinguishing a "vested right" and "property interest" in the indemnity benefits.  *See* Claimant's Br. at 11-12.  The Remedies Clause provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. 1, § 11.  The Remedies Clause "is invoked when a change in the legislation attempts to alter or eliminate a vested or accrued cause of action." *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635, 643 (Pa. Cmwlth. 2018), *aff'd*, 232 A.3d 629 (Pa. 2020).  Thus, the Remedies Clause encompasses only those interests which are vested, *i.e.*, "something more than a

5

mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Lewis v. Pa. R. Co.*, 69 A. 821, 823 (Pa. 1908). Once vested, the Remedies Clause safeguards "an individual's remedy for an injury done" from retroactive legislative action. *Konidaris*, 953 A.2d at 1242.

This Court rejected the contention "a claimant has a vested right to ongoing benefits indefinitely" because "'there are reasonable expectations under the Act that benefits may change,' and . . . a claimant's indemnity benefits may be reduced or end before a claimant believes they should." *Dunetz v. Charles H. Sacks D.M.D., P.C.*, 304 A.3d 134, 142-43 (Pa. Cmwlth. 2023) (internal citation omitted). This Court held Act 111 does not abrogate any vested right of a claimant, see *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company, LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021), and we are bound by established precedent to uphold Section 306(a.3)'s constitutionality under the Remedies Clause.

### Section 306(a.3) and Nondelegation

We next address Claimant's contention Section 306(a.3) violates the Pennsylvania Constitution's Nondelegation Doctrine, which protects the fundamental principle that "the General Assembly cannot delegate 'to any other branch of government or to any other body or authority' the power to make law." *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 833 (Pa. 2017) (citation omitted) (*Protz II*). This doctrine is embodied in article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1, which declares:

6

"The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

In *Protz II*, the Pennsylvania Supreme Court invalidated Section 306(a.2) of the Act,[4] Section 306(a.3)'s predecessor, as an unconstitutional delegation of the General Assembly's legislative authority to the AMA. *Protz*, 161 A.3d at 835-36, 839. The legislature thereafter enacted Act 111, replacing former Section 306(a.2) with Section 306(a.3). This Court determined in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 319 (Pa. Cmwlth. 2019), that Section 306(a.3) does not violate the Nondelegation Doctrine because "[t]he standards adopted were not 'unseen' or unknown to the General Assembly at the time it enacted Section 306(a.3)" and, "unlike the AMA, the General Assembly clearly is not isolated from the political process and shielded from political accountability for its actions." *Id.* at 316-17. Accordingly, based on the holding in *Pennsylvania AFL-CIO* that Section 306(a.3) does not violate the Nondelegation Doctrine, Claimant's argument fails.

---

[4] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

## III.    Conclusion

Based on the foregoing, we affirm the Board's Order.[5]

 

_____

STACY WALLACE, Judge

[5] We note an illustrative list of workers' compensation claimants similarly have invited this Court to reverse course on these issues; however, we have repeatedly declined to do so. See, e.g., *Dixon v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1000 C.D. 2022, filed June 7, 2024), slip op. at 3; *Hoffman v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 359 C.D. 2023, filed Mar. 19, 2024), slip op. at 1; *Conrad v. Dep't of Transp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 557 C.D. 2022, filed Feb. 26, 2024), slip op. at 5; *Farmbry v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1359 C.D. 2022, filed Jan. 18, 2024), slip op. at 3-4; *Moakley v. Vogel Holding, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 19 C.D. 2022, filed Jan. 16, 2024), slip op. at 2-4; *Stanley v. Dep't of Transp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1234 C.D. 2022, filed Jan. 11, 2024), slip op. at 2-3*; Sanchez v. Petrolongo Contractors, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 85 C.D. 2022, filed Jan. 10, 2024), slip op. at 3; *Roscoe v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 27 C.D. 2023, filed Dec. 20, 2023), slip op. at 3-4, *appeal denied*, (Pa., No. 19 EAL 2024, filed June 25, 2024); *Eiler v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1299 C.D. 2022, filed Dec. 18, 2023), slip op. at 1-2; *Perlis v. City of Wilkes-Barre (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No.1102 C.D. 2022, filed Oct. 6, 2023), slip op. at 5-7; *Penta v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 54 C.D. 2022, filed Aug. 30, 2023), slip op. at 3-5; *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 314 C.D. 2022, filed Aug. 15, 2023), slip op. at 3-6, *appeal denied*, (Pa., No. 438 MAL 2023, filed Feb. 27, 2024); *Brown v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 154 C.D. 2022, filed July 26, 2023), slip op. at 2-4; *Burkett v. Jimi Enters., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 41 C.D. 2022, filed June 26, 2023), slip op. at 3-5; *Tedesco v. Kane Freight Lines, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1270 C.D. 2021, filed May 19, 2023), slip op. at 4-7, 13; *Leissner v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1451 C.D. 2021, filed May 17, 2023), slip op. at 2-3; *Grimes v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 790 C.D. 2022, filed Apr. 26, 2023), slip op. at 3-5; *Gonzalez v. Guizzetti Farms, Inc. (Workers' Comp. Appeal Bd.)*, 297 A.3d 854, 858-62 (Pa. Cmwlth. 2023), *appeal denied*, 305 A.3d 952 (Pa. 2023); *Zaborowski v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 617 C.D. 2022, filed Mar. 28, 2023), slip op. at 2-4; *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435-39 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023); *Yuille v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2022, filed Jan. 31, 2023), slip op. at 2-5; *City of Pittsburgh v. Dobbs (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1431 C.D. 2021, filed Jan. 27, 2023), slip op. at 3-5, *appeal denied*, 305 A.3d 546 (Pa. 2023); *Harold v. Abate Irwin, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022), slip op. at 3-6, 8, *appeal denied*, 290 A.3d 238 (Pa. 2023).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela Barrett Walker,                    :
                              Petitioner  :
                                          :
          v.                              :  No.  885 C.D. 2023
                                          :
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                              Respondent  :

# **O R D E R**

    **AND NOW**, this 3rd day of September 2024, the July 17, 2023 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                                   _____
                                   STACY WALLACE, Judge