## BULLARD v. MULLIGAN.

1. **Instructions:** CHANGE OF FORM: NO PREJUDICE. It is not reversible error to refuse to give instructions in the form asked by counsel, when the substance thereof is given in a different form on the court's own motion.

2. **Negligence:** INJURY TO TRESPASSING HORSE: CONTRIBUTORY NEGLIGENCE OF OWNER: INSTRUCTION: BURDEN OF PROOF. Plaintiff's horse had escaped over a partition fence into defendant's field, at a place where it was plaintiff's duty to maintain the fence, and where the evidence tended to show that he had failed to maintain it as required by law.    Defendant, in trying to drive the horse back, caused him to become entangled in the wires of the fence, whereby he received injuries from which he died.    In an action to recover the value of the horse, based on defendant's negligence, *held* that plaintiff's negligence in failing to maintain the fence was not material, and that, there being no evidence of any other negligence on plaintiff's part, an instruction that, before plaintiff could recover, he must prove that he was not himself guilty of any negligence contributory to the injury, was erroneous, because it tended to lead the jury to suppose that plaintiff's neglect to maintain the fence was contributory negligence, to be considered in the case.

*Appeal from Lee Circuit Court.*

TUESDAY, OCTOBER 5.

PLAINTIFF brought this action to recover the value of a mare which he alleges was killed by the negligent and malicious act of the defendant in causing her to jump upon a barbed-wire fence and become entangled therein. He also sued out a writ of attachment in the action, and caused certain persons who were indebted to defendant to be garnished thereon. Defendant denied that said mare was injured by any wrongful or negligent act of his. He also pleaded a counter-claim on the attachment bond. On the trial plaintiff failed to establish his claim, and there was a verdict and judgment against him on the counter-claim, and he appeals.

*Casey & Casey*, for appellant.

*Craig, Collier & Craig*, for appellee.

REED, J.—The parties were the owners of adjoining farms, and the mare in question entered upon defendant's premises by jumping the partition fence between the farms. Defendant attempted to catch her for the purpose of leading her back upon plaintiff's premises. With this object in view, he drove her into a narrow space between the fence, over which she had jumped when she came onto his place, and a creek which runs through his field. When she was driven into this space she attempted to jump back into plaintiff's field, but in doing so she became entangled in the barbed wire of which the fence was composed, and received injuries from which she afterwards died. She was an unbroken animal, having never been handled or subjected to control, and was wild and nervous. She was also breachy. It was plaintiff's duty to maintain that portion of the partition fence over which she jumped when she went upon defendant's premises, and the evidence tended to prove that it was not maintained at that point as a lawful fence. The animal had trespassed on defendant's premises on other occasions, but on those occasions she entered through a gate in the partition fence, which she broke or forced open, and she was driven back

through this gate when she was removed from the premises. The reason assigned by defendant for attempting to remove her in a different manner on the occasion in question is that there were a number of horses of his own with her in the inclosure, which he feared would escape therefrom if he attempted to drive her out through the gate.

I. Counsel for plaintiff asked the circuit court to instruct the jury, in effect, that, while defendant had the right to drive the animal from his premises, he was required in doing so to use ordinary and reasonable care to avoid injuring her; and that his duty in this respect was in no manner affected by the fact that she had entered upon his premises through a portion of the partition fence which plaintiff was bound to maintain, but which he had neglected to maintain, as a lawful fence; and that if he knew the habits and disposition of the animal, and that she was unbroken, and had never been handled, it was his duty to use such care and caution in attempting to remove her as an ordinarily careful man would use in handling such an animal, and that if he failed to use that degree of care and caution, and the injury resulted from such failure, he was responsible therefor. The court refused to give the instructions in the form in which they were asked, but, on its own motion, it instructed the jury to the same effect. Conceding, then, that the instructions asked correctly express the law applicable to the facts of the case, plaintiff was in no manner prejudiced by the refusal of the court to give them.

1. INSTRUC-TIONS: change of form: no prejudice.

II. The circuit court instructed the jury that before the plaintiff would be entitled to recover he must prove that he was not himself guilty of any negligence which contributed to the injury. In another instruction the jury were told that "if defendant, by want of attention, carelessness, or negligence, caused plaintiff's mare to run over and upon a barbed-wire fence, and the mare was thereby

2. NEGLI-GENCE: injury to trespassing horse: contributory negligence of owner: instruction: burden of proof.

injured, and her value destroyed, without the fault of plaintiff, they should find for the plaintiff."

The giving of these instructions is assigned as error by plaintiff. The rule expressed in the instructions has uniformly been held applicable in this state in cases of personal injury. See *Donaldson v. Mississippi & M. R. Co.*, 18 Iowa, 280; *Rusch v. Davenport*, 6 Id., 443; *Hunt v. Chicago & N. W. R. Co.*, 26 Id., 363; *Baird v. Morford*, 29 Id., 531. And it is doubtless applicable in all cases of injury to property where at the time of the injury the property was under the personal control or management of the owner. It, however, is but a rule of practice. It puts upon the injured party the burden of proof in all cases in which the question whether the injury complained of resulted from the concurrent negligence of the complainant and the one against whom he seeks relief arises, and it is manifest that it can have no application in a case in which that question does not arise. The effect of instructing the jury, in general terms, as to the rule in such cases, ordinarily will be to confuse and mislead them, and that, we think, must have been the effect in the present case. The property was not under plaintiff's control at the time of the injury, and he was not present at the transaction, and had no connection with it. The immediate cause of the injury was defendant's attempt to catch the mare.

The question whether plaintiff was guilty of any negligence contributing to the injury did not arise under the evidence. It is true, he may have neglected to maintain in proper condition the portion of the partition fence which he was bound to maintain, and that the presence of the animal upon defendant's premises may have been attributable to that neglect. But it cannot be said that his negligence in that respect contributed to the injury, and his right to relief is not defeated by it. If the jury had been told this, perhaps no prejudice could have resulted from the instructions complained of. But they were not so instructed. With the

evidence before them of plaintiff's negligence in that respect, they were told that unless he had proven that he did not, by any negligence on his part, contribute to the injury, he could not recover. Under these circumstances the strong probability is that the verdict for defendant was reached by the jury without determining whether his conduct in the transaction was negligent or not.

The judgment for defendant on his counter-claim was based solely on the fact that plaintiff had failed to recover on the cause of action stated in the petition. As we remand the cause for a retrial of that issue, we deem it unnecessary to review the questions arising under the counter-claim.

REVERSED.