EVA FREEBY, Administratrix, Appellant, v. INCORPORATED TOWN OF SIBLEY, Appellee.

**EVIDENCE: Evidence on Former Trial—Dismissal of Party.** A transcript of the evidence on the trial of an action against joint defendants is admissible on a subsequent trial of the same action against one defendant only.

**APPEAL AND ERROR: Harmless Error—Error Rendered Harmless by Verdict.** In an action for personal injury, error in receiving evidence relative to a settlement is harmless when the verdict denies *any* recovery, on the ground that the negligence of the injured party was the sole cause of the injury.

**APPEAL AND ERROR: Harmless Error—Error Rendered Harmless by Verdict.** Instructions in an action for personal injury, to the effect that contributory negligence could be considered only in mitigation of damages, are harmless, even if erroneous, when the verdict denied *any* recovery, on the ground that the negligence of the injured party was the sole cause of the injury.

**MASTER AND SERVANT: Warning and Instructing Servant—Municipal Corporations.** An employee of a municipal corporation who has been warned and instructed in his work by the municipal foreman may not say that he has not been warned and instructed by the municipality itself.

**MASTER AND SERVANT: Warning and Instructing Servant—Negligence Per Se.** A servant who deliberately violates a reasonable and danger-avoiding instruction by the master may not recover for resulting injury when the facts and conditions attending the injury demonstrate beyond question that such violation did contribute to such injury.

**NEGLIGENCE:**  Contributory Negligence—Statute in re Comparative
6  Negligence—Applicability.  The statute (Sec. 3593-a, Suppl. Supp.,
1915) which permits a servant to recover for an injury traceable
to the negligence of the master, notwithstanding contributory neg-
ligence on the part of the servant, is not applicable to a cause of
action which was *fully matured* prior to the taking effect of said
statute.

**TRIAL:**  Instructions—Conflicting Instructions—Correct and Incorrect
7  in Same Case.  Two conflicting instructions do not require a re-
versal when one was strictly correct, under the law, and manifestly
was followed by the jury, and the other was incorrect, under the
law, and gave appellant an unjustifiable chance for a verdict—
which the jury did not grant.

**TRIAL:**  Instructions—Harmless Error.  The act of the court in leav-
8  ing a master's negligence to depend on a fact finding by the jury,
instead of peremptorily instructing that the master was negligent
as a matter of law, is not a matter of which the plaintiff may com-
plain, when the jury denied all recovery, on the manifest ground
that the deceased was culpably negligent.

*Appeal from Osceola District Court.*—C. C. BRADLEY, Judge.

FEBRUARY 14, 1922.

OPINION ON REHEARING FEBRUARY 13, 1923.

ACTION to recover damages for the death of plaintiff's intes-
tate.  There was a verdict for the defendant, and the plaintiff
appeals.—*Affirmed.*

*C. R. Metcalfe,* for appellant.

*Clark, Dwinell & Meltzer,* for appellee.

EVANS, J.—Plaintiff is the administratrix of the estate of
W. E. Freeby, deceased, who met his death in June, 1914, while
engaged as one of the employees of the defendant in the opera-
tion of the defendant's gas and water plant.  The plaintiff
charges that the death resulted from the negligence of the de-
fendant.  Such negligence is grounded upon the broad prop-
osition that defendant failed to furnish the decedent with a safe

place to work, in that it failed to properly guard the machinery in operation in such plant. The decedent was engaged in such operation in the night shift. He was subject to a superintendent, Clayton, who usually operated the machinery in the daytime. The defendant pleaded, as a complete defense, that the decedent's own negligence was the sole proximate cause of his injury. It also pleaded contributory negligence as a partial defense. It pleaded also, as a complete defense, that it had made full settlement with the plaintiff in advance of her appointment as administratrix, and that it had fully performed the terms of such settlement. The defense of settlement pleaded by the defendant was reduced by the instructions of the court to a partial defense, rather than a complete one. The question of contributory negligence was also submitted as a partial defense only. The only complete defense, therefore, which was submitted to the jury was the question whether the decedent's own negligence was the proximate cause of his injury. The case was before us upon a former appeal. *Freeby v. Town of Sibley*, 183 Iowa 827. At that time, the case was pending against both the defendant town and the superintendent, Clayton. The plaintiff, having obtained a reversal on that appeal, later dismissed her case as against Clayton, and proceeded to her second trial against the town alone. The case now presented is one against the town, as sole defendant. The facts are quite fully set forth in the opinion on the former appeal. Sufficient to say now that the moving machinery in the defendant's plant that would come under the statutory requirements for guarding, such as belts, pulleys, and shafting, was all situated on a level 12 or 13 feet above the floor where the work of the decedent was principally done. This machinery, being suspended from the ceiling, was reached, when necessary, by the use of a portable ladder. The evidence on behalf of defendant tended to show that the decedent was under peremptory instructions not to use such ladder for any purpose, without first stopping the machinery. The evidence is quite conclusive, also, that he did go upon such ladder, and in close proximity to such moving machinery, in violation of such instructions, if any, and that he became involved thereby in some of the belting, in such a way as to cause his death. The verdict of the jury sustained this defense.

I.  One of the first assignments of error presented by the appellant relates to the use of a transcript of the evidence on the former trial.  This evidence was introduced by the defend-

1. EVIDENCE: evidence on former trial: dismissal of party.

ant over the objections of the plaintiff.  It is now urged that the former trial was not a trial of *this* case, because the former trial was against two defendants; whereas the present trial is against one only.  The fallacy of this position may be illustrated by supposing that, at the former trial, the plaintiff had dismissed, as against Clayton, at the close of the evidence.  Would she have been entitled to have her case submitted to the jury as against one defendant upon the evidence already introduced as against two defendants, or would she have been required to take her evidence anew, after the dismissing as to the one defendant?  The answer is so apparent that we will assume that the plaintiff would answer the first question in the affirmative and the second in the negative.  If, therefore, she could have had her case submitted at that time as against one defendant upon the evidence already taken as against two, why could she not do the same thing on a later trial?  If the plaintiff was entitled to so use the evidence, then the defendant was, likewise.  The point made is without merit.  See *Emery & Co. v. American Ref. Trans. Co.*, 193 Iowa 93.

II.  A number of assignments of error are predicated upon the admission of evidence in support of the plea of settlement.  The general ground of the objection to this line of evidence was

2. APPEAL AND ERROR: harmless error: error rendered harmless by verdict.

that this settlement was had with the plaintiff in her individual capacity, and before she was appointed administratrix.  The contention for the defendant was that she made herself administratrix *de son tort;* that, having become later regularly appointed as administratrix, she could not repudiate a fair settlement which had been performed in good faith, to the benefit of the estate, by the other party.  The law on this subject is considered in *Stuber v. McEntee*, 142 N. Y. 200 (36 N. E. 878).  We shall not dwell upon it, because it has become immaterial for the purpose of this appeal.  It appears from the record that the only beneficiaries of the estate and of the alleged settlement were the plaintiff herself and her daughter.  The trial court instructed the jury that the settlement was good to the extent of

the plaintiff's interest in the estate, namely, one third thereof. It further instructed the jury that it was not good as against the interest of the daughter. It also submitted to the jury a special finding, yes or no, as to whether there was a settlement. This finding by the jury was in the affirmative. Under the instructions, the jury could have rendered a verdict, consistently with this special finding, for two thirds of the amount of damages sustained. No damages were allowed. It is manifest, therefore, that this question could have had no effect upon the jury's verdict.

The same observation may be made concerning the question of contributory negligence. Much argument is devoted by appellant to that question. If the court committed any error, either in admitting evidence or in instructing the jury upon the burden of proof as to such question, its only injurious effect to the plaintiff would have been to reduce the amount of her recovery. The court expressly instructed the jury that contributory negligence, if proved, would not bar a recovery, but it would be considered in mitigation of damages. In view of the nonallowance of any damages, it is manifest here also that this question could have had no influence upon the verdict of the jury. The record discloses that the verdict was necessarily based upon the defense pleaded, that the decedent's own negligence was the sole proximate cause of his injury. This defense was negative, and not affirmative. The burden was upon the plaintiff to prove, not only that the defendant was negligent, but that such negligence was the proximate cause of the injury. The instructions, however, laid upon the defendant the burden of proving this particular defense, as pleaded by it.

3. APPEAL AND ERROR: harmless error: error rendered harmless by verdict.

It is contended by the plaintiff, however, that there was no evidence that the defendant had ever given Freeby any instructions or any warning as to whether he should go near the machinery while it was in operation. The evidence was that this warning and instruction had been given by Clayton, the superintendent. The argument for plaintiff is that an instruction or warning given by Clayton was not an instruction given by the defendant. We see no merit in this point. By the undisputed

4. MASTER AND SERVANT: warning and instructing servant: municipal corporations.

evidence, Clayton was the superintendent, and was in authority over the decedent. That such instructions and warning were given was proved strongly, not only by the evidence of Clayton, but by that of other witnesses also.

The court gave the jury the following instruction:

"You should next take up and determine defendant's further claim that the plaintiff's intestate had been expressly warned by the defendant not to go upon the ladder in controversy while the machinery of said plant was in motion; and if defendant has proved to you by a preponderance of the evidence that the plaintiff's intestate was so warned and instructed by defendant not to go upon the ladder in controversy while the machinery of the plant was in motion, then the plaintiff cannot recover in this action, and you need proceed no further, but should return your verdict for the defendant."

5. Master and Servant: warning and instructing servant: negligence *per se*.

Under the undisputed evidence in the case, the jury must have found that, if the appellee warned the decedent and instructed him not to go upon the ladder in question while the machinery was in motion, said intestate must have disobeyed such warning and instruction. The accident could not have happened unless the intestate did go upon the ladder while the machinery was in motion. In fact, this is the appellant's own contention. If the intestate went upon the ladder while the machinery was in motion, in disobedience of a warning and instruction by the appellee, then it must necessarily follow, under the undisputed evidence, that such disobedience of said warning and instruction caused or contributed to the injury to said intestate. The jury could not have found otherwise. In other words, it would necessarily follow, under the facts, that the disobedience of the instruction and warning would constitute at least contributory negligence on the part of said intestate. It would, therefore, constitute a complete defense to the action.

In *Kirby v. Chicago, R. I. & P. R. Co.*, 173 Iowa 144, we said:

"They [the rules] were reasonable in character, and had reference to the duties of the deceased with reference to the management of his engine. If he disobeyed them, and through his disobedience he caused or contributed towards bringing about

the accident, he cannot recover. *Deeds v. Chicago, R. I. & P. R. Co.,* 74 Iowa 154; Labatt on Master and Servant, Vol. 3, p. 3581, Sec. 1281.''

See, also, *Robbins v. Ft. Wayne I. & S. Co.,* 41 Ind. App. 557 (84 N. E. 514).

There may be cases where the violation of the instruction does not, of itself, constitute a complete bar to the right of recovery. Such a case arises where the violation of the warning and instruction has grown into a custom known to the employer, so that it appears that by consent of parties the instruction has been waived or abrogated. See *Lowe v. Chicago, St. P., M. & O. R. Co.,* 89 Iowa 420. No such situation appears in this case. The instruction and warning claimed to have been given to the decedent in this case were reasonable, and for his protection with reference to the management of the machinery in his charge. Under such circumstances, if he disobeyed the instructions and warning, and such disobedience resulted in his injury, he cannot recover, because of his own negligence.

The appellant contends, however, that this rule is obviated in this case because of Chapter 277 of the Acts of the Thirty-sixth General Assembly (Section 3593-a, Supplemental Supplement, 1915), which provides as follows: ''That

**6. NEGLIGENCE: contributory negligence: statute *in re* comparative negligence: applicability.**

in all actions brought in the courts of this state to recover damages caused by the negligence of the defendant, the burden of proving contributory negligence shall rest upon the defendant. Provided that this act shall only apply to actions brought by an employee against his or her employer, or by a passenger against a common carrier, and in such cases contributory negligence may be pleaded in mitigation of damages.''

This statute did not go into effect until July 4, 1915. The injury complained of, on which this suit was brought, occurred in June, 1914. Said statute affected a substantial right. It was not retrospective. We do not think it applied in this cause, where the action had fully matured prior to the time said statute went into effect. In this case, the ordinary rule which required the appellant to allege and prove that the decedent was free from contributory negligence applied. It being true that the failure to obey the warning and instruction, if the jury

found one had been given, under the facts of this case, was necessarily contributory negligence on the part of the decedent, the court did not err in telling the jury that such failure to obey such warning and instruction, if the same was given, would constitute a complete defense, and that, under such circumstances, it should return a verdict for the appellee.

In Instruction No. 20, the court told the jury that, if it found the appellant's intestate guilty of contributory negligence, this would not defeat recovery, but would merely operate to reduce or mitigate the amount of damages. In other words, the court, by said instruction, applied the rule of damages provided for in said Chapter 277. Appellant is in no position to complain of this instruction, which was more favorable to the appellant than she was entitled to. Even though it be conceded that it is inconsistent with Instruction No. 17, appellant cannot complain, because Instruction 17 correctly stated the rule of law applicable to this case, and Instruction No. 20 was more favorable to appellant than she was entitled to. The jury could not have been misled as to appellant's injury, and reversible error does not lie at this point.

7. TRIAL: instructions: conflicting instructions: correct and incorrect in same case.

Section 4999-a2, Code Supplement, 1913, provides as follows:

"It shall be the duty of the owner, agent, superintendent or other person having charge of any manufacturing or other establishment where machinery is used, to furnish and supply or cause to be furnished and supplied therein, belt shifters or other safe mechanical contrivances for the purpose of throwing belts on and off pulleys, and, wherever possible, machinery therein shall be provided with loose pulleys; all saws, planers, cogs, gearing, belting, shafting, set screws and machinery of every description therein shall be properly guarded."

The appellant contends that, under the undisputed evidence in this case, the appellee was guilty of negligence in failing to furnish or supply the necessary belt shifters and guards, and that the court should have instructed the jury, as a matter of law, that, because of such failure, the appellee was guilty of negligence. The court did not so instruct, but in its instruction quoted the

8. TRIAL: instructions: harmless error.

statute in question, and told the jury that a failure to comply with its provisions would constitute negligence, without further proof, and that, if the jury found from a preponderance of the evidence that the appellee had failed to furnish the necessary belt shifters or safe mechanical contrivances, or to properly guard the belting, shafting, and machinery of the plant, this "could constitute negligence, without further proof thereof." Appellant is in no position to complain now of a submission of this question to the jury, even though there was no dispute in regard to the condition of the machinery in the plant.

The appellant requested the court to instruct the jury, among other things, as follows:

"You are instructed that, if you find from the evidence that the defendant failed to obey the mandate of the statute, it is guilty of negligence *per se*,—that is, negligence within and of itself."

The court did not err in submitting this question to the jury, and appellant's exception is not well taken.

What we have already said fairly disposes of all points raised. As to the larger merits of the case, we have little occasion to discuss them. There is much in the record that appeals to one's sympathy. Jurors are not prone to discriminate against the plaintiff in such a case. The case has been twice tried to a jury, and the verdict has been adverse to the plaintiff upon each trial. We have gone through the record with much care, and find no prejudicial error.

The judgment below is, accordingly,—*Affirmed*.

Preston, C. J., Stevens, Arthur, and Faville, JJ., concur.