## KELLMAN v. STOLTZ.

### No. 32 Civil.

District Court, N. D. Iowa, Cedar Rapids Division.

May 14, 1941.

John D. Randall, of Cedar Rapids, Iowa, and Maurice A. Goodman, of Chicago, Ill., for plaintiff.

Grimm, Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, Iowa (V. Craven Shuttleworth and C. W. Garberson, both of Cedar Rapids, Iowa, of counsel), for defendant.

SCOTT, District Judge.

In the above entitled cause a motion filed and this day ruled upon, inter alia, asked the dismissal of the cause upon the ground that plaintiff had failed to affirmatively allege that plaintiff was free from contributory negligence.

The matter of the particular requirement of the motion presents the question of whether the Iowa rule in negligence cases which puts upon the plaintiff the burden of exculpating himself from contributory negligence as a part of his main case, is a rule of procedure or a substantive rule of the common law. The question arises not only because of a contrary rule prevailing in the Federal Courts before the decision in the Erie case [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487] and before the Act of June 19, 1934, 28 U.S.C.A. §§ 723b, 723c, empowering the Supreme Court to prescribe general rules for the District Courts of the United States governing matters of procedure in civil actions, and the prescribing and going into effect of such rules, but because the Supreme Court by Rule 8 subdivision (c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, classified contributory negligence as an affirmative defense to be governed by said rule. I have heretofore been of opinion that the question was one of procedure and not of substantive law. It has been my understanding that the effect of the Erie case was to declare the decisions of the courts of last resort of the States binding upon the Federal Courts upon questions of substantive common law only, and that matters of procedure in the Federal Courts were left still subject to the exclusive power of legislation by Congress and regulation by the Federal Courts themselves. That Congress having the power to legislate and the Supreme Court of the United States having the power to regulate matters of procedure in Federal Courts, by the same token the Supreme Court of the United States has jurisdiction to determine what is a matter of procedure for itself. In other words, when a question of federal procedure arises in a Federal Court it is a federal question to be determined by that Court unruled by any decision of a court of a State or the law of such State.

The Erie case was decided April 25, 1938. The Rules of Civil Procedure went into effect on September 16, 1938. Since those dates I have observed much diversity of opinion among members of the bar as to whether the Iowa rule has been superseded by Rule 8, subdivision (c), supra. I am, of course, aware of the fact that on October 31, 1940, the United States Circuit Court of Appeals for the Eighth Circuit handed down its opinion in the case of Archie Peterson, Administrator of Estate of Embert Peterson, Deceased, v. H. C. Sheridan, 115 F.2d 121. That case applies the Iowa rule referred to, but assumes the whole question here under discussion, and makes no reference whatever to the rule prescribed by the Supreme Court. So I assume that the question here under discussion was neither raised nor considered in that case. As I have said, I consider this question a federal question. However, I take the liberty to say that so far as I have been able to discover the Supreme Court of Iowa has never declared this question to be one of substantive law, but on the contrary more than a half century ago that Court in the case of Bullard v. Mulligan, 69 Iowa 416, 419, 29 N.W. 404, 405, said with respect to the rule placing the burden of proof to exculpate himself from contributory negligence upon the plaintiff: "The rule expressed in the instructions has uniformly been held applicable in this state in cases of personal injury. See Donaldson v. Mississippi & M. R. Co., 18 Iowa 280 [87 Am.Dec. 391]; Rusch v. Danvenport, 6 Iowa 443; Hunt v. Chicago & N. W. R. Co., 26 Iowa 363; Baird v. Morford, 29 Iowa 531. And it is doubtless applicable in all cases of injury to property where at the time of the injury the property was under the personal control or management of the owner. *It, however, is but a rule of practice.* It puts upon the injured party the burden of proof in all cases in which the question whether the injury complained of resulted from the concurrent negligence of

the complainant and the one against whom he seeks relief arises, and it is manifest that it can have no application in a case in which that question does not arise." (The italics are mine.)

I have noted that Mr. Wigmore, in his work on evidence, § 2507, classifies the question as one of pleading, and reference to his discussion in § 2485 clearly indicates that this author treats the subject as one of procedure and not of substantive law.

The term "procedure" of course includes more than pleading. Upon that point I quote from Kring v. Missouri, 107 U.S. 221, 231, 2 S.Ct. 443, 452, 27 L.Ed. 506, in which Mr. Justice Miller speaking for the Court said: "The word 'procedure,' as a law term, is not well understood, and is not found at all in Bouvier's Law Dictionary, the best work of the kind in this country. Fortunately a distinguished writer on criminal law in America has adopted it as the title to a work of two volumes. Bishop, Crim.Proc. In his first chapter he undertakes to define what is meant by procedure. He says: 'Sec. 2. The term procedure is so broad in its signification that it is seldom employed in our books as a term of art. It includes in its meaning whatever is embraced by the three technical terms, "pleading," "evidence," and "practice." ' And in defining 'practice,' in this sense, he says: 'The word means those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in;' and 'evidence,' he says, as part of procedure, 'signifies those rules of law whereby we determine what testimony is to be admitted and what rejected in each case, and what is the weight to be given to the testimony admitted.' "

Nearly three score years have passed since Mr. Justice Miller quoted with approval the language of the author of Bishop on Criminal Procedure, and it may be assumed that the word "procedure" is at least not less definite in its meaning than then. It may also be assumed that the term "substantive law" is not mathematically exact, but as respects both the terms "procedure" and "substantive law" there is a possible twilight zone. Examination of many authorities leads me to conclude that substantive law as constitutionally, legislatively and judicially recognized, includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property,

and quite generally as fixing the type of remedy available in case of invasions of those rights. As to the term "procedure", I conceive it to include those rules and forms applicable in the administration of the remedies available in cases of invasion of primary rights of individuals in Courts or other lawfully constituted tribunals and agencies. Such rules include both pleading and practice, including all rules and forms which govern the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution. It includes the subject of the burden of proof and its allocation, and in appropriate cases its shifting from party to party during the trial.

I think the fact Rule 8(c) does not specifically refer to burden of proof, is entirely immaterial. The Rules of Civil Procedure in Federal Courts are inclusive of that subject and exclusive of resort to the rules of procedure which may prevail in State Courts. The practically universal rule that affirmative defenses must be proven by the one urging such defense, demands the implication in Rule 8(c) that the burden rests upon the defendant.

Upon the subject of congressional power of legislation upon matters of procedure I quote from Southern Pacific Company v. Denton, 146 U.S. 202, 209, 13 S.Ct. 44, 47, 36 L.Ed. 942. The Act referred to by the Court was the Conformity Act, 28 U.S.C.A. § 724: "Under this act, the circuit courts of the United States follow the practice of the courts of the state in regard to the form and order of pleading, including the manner in which objections may be taken to the jurisdiction, and the question whether objections to the jurisdiction and defenses on the merits shall be pleaded successively or together. Delaware County v. Diebold Safe Co., 133 U.S. 473, 488, 10 S.Ct. 399 [33 L.Ed. 674]; Roberts v. Lewis, 144 U.S. 653, 12 S.Ct. 781 [36 L.Ed. 579]. But the jurisdiction of the circuit courts of the United States has been defined and limited by the acts of congress, and can be neither restricted nor enlarged by the statutes of a state. Toland v. Sprague, 12 Pet. 300, 328 [9 L.Ed. 1093]; Mercer County v. Cowles, 7 Wall. 118 [19 L.Ed. 86]; [Chicago & N. W.] Railway Co. v. Whitton, 13 Wall. 270, 286 [20 L.Ed. 571]; Phelps v. Oaks, 117 U.S. 236, 239, 6 S.Ct. 714 [29 L.Ed. 888]. And whenever congress has legislated upon any matter of practice, and prescribed a definite rule for

the government of its own courts, it is to that extent exclusive of the legislation of the state upon the same matter. Ex parte Fisk, 113 U.S. 713, 721, 5 S.Ct. 724 [28 L.Ed. 1117]; Whitford v. Clark County, 119 U.S. 522, 7 S.Ct. 306 [30 L.Ed. 500]."

See Note 11 to § 724, Title 28 U.S.C.A.

The Act of June 19, 1934, is both definite and comprehensive. It empowers the Supreme Court to prescribe rules governing District Courts as to "forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law." The question then is: what is "practice and procedure"? I think it has always been supposed to include all forms observed, activities taking place, and the order of proceedings in the course of the trial. It is enlightening to observe what the Supreme Court has already done in this respect. The rules promulgated specify what pleadings shall be used, viz., a complaint and an answer; and in appropriate cases a reply. The rules specify what shall be set forth in the complaint, and what shall be set forth in the answer, and when a reply is to be used and what it may contain. These rules unmistakably undertake to assign burdens of proof, and definitely designate contributory negligence as an affirmative defense. In such circumstances I cannot comprehend any rational theory upon which the burden of pleading and proof of contributory negligence is to be excluded from the realm of procedure in the federal sense, merely to be relegated to the legislatures and courts of the States for the purpose of prescribing procedure. I say "merely for the purpose of prescribing procedure" because the rules promulgated by the Supreme Court do not purport to "abridge, enlarge, nor modify the substantive rights of any litigant."

In Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 61 S.Ct. 422, 424, 85 L.Ed. ——, decided by the Supreme Court January 13, 1941, Mr. Justice Roberts said for the Court: "Congress has undoubted power to regulate the practice and procedure of federal courts, and may exercise that power by delegating to this or other federal courts authority to make rules not inconsistent with the statutes or Constitution of the United States."

In support of both of these points he cited: Wayman v. Southard, 10 Wheat. 1, 21, 6 L.Ed. 253; Bank of United States v. Halstead, 10 Wheat. 51, 53, 6 L.Ed. 264; Beers v. Haughton, 9 Pet. 329, 359, 361, 9 L.Ed. 145.

At the risk of repetition I recapitulate my conclusions as follows:

1. Congress has power by legislation to regulate the practice and procedure in the Federal Courts.

2. Congress has power to authorize the Supreme Court to adopt and promulgate general rules regulating procedure for the Federal Courts.

3. When Congress acts upon the subject, the rule prescribed, whether directly by legislation or by the Supreme Court under its congressional authorization, is exclusive.

4. As a corollary from the foregoing propositions, Congress, in legislating or the Supreme Court in adopting rules of procedure, may determine what constitutes procedure.

5. Congress has by the Act of June 19, 1934, authorized the Supreme Court to adopt rules of civil procedure for the District Courts.

6. The Supreme Court pursuant to such authority has adopted and promulgated such rules, and by Rule 8, subdivision (c), declaring contributory negligence to be a matter of affirmative defense, in effect declared it to be a matter of procedure.