EDWARD SCHULTZ, appellant, v. DICK W. GOSSELINK, appellee.

No. 52343.

(Reported in 148 N.W.2d 434)

FEBRUARY 7, 1967.

Cross, Hamill, Selby & Updegraff, of Newton, for appellant.

Ralph Belizzi, of Des Moines, and Johnson & Johnson, of Knoxville, for appellee.

MOORE, J.—The question here is whether the provisions of chapter 430, section 1, Acts of the Sixty-first General Assembly, now section 619.17, Code 1966, apply to tort actions arising before its effective date, July 4, 1965.

The Act amends chapter 619, Code 1962, by adding a new section thereto. It provides: "Contributory negligence—burden. In all actions brought in the courts of this state to recover damages of a defendant in which contributory negligence of the plaintiff, actual or imputed, was heretofore a complete defense or bar to recovery, the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. As used in this section, the term 'plaintiff' shall include a defendant filing a counterclaim or cross-petition, and the term 'defendant' shall include a plaintiff against whom a counterclaim or cross-petition has been filed."

Plaintiff's petition, filed April 21, 1964, alleges that at approximately 5:30 a.m. September 6, 1962, his automobile struck a small wooden building which defendant had unloaded from his truck parked in a dense fog near the north end of the Des Moines River bridge on highway 14 in Marion County. He alleges

three specifications of negligence by defendant, he was free from any negligence which contributed in any manner to the collision, damages for personal injuries and property loss and asks judgment for $10,000.

Defendant's answer, filed May 12, 1964, denies the allegations of plaintiff's petition and alleges plaintiff was driving at a dangerous and excessive speed under the existing circumstances, plaintiff's negligence was the sole proximate cause of the collision and specifically pleads plaintiff was guilty of negligence which contributed to the accident and his resultant damages.

Trial of the case commenced at 10 a.m. October 13, 1965, and after the jury was selected and sworn defendant asked the trial court to determine the applicability of the Act which we have set out.

After some discussion the trial court held as a matter of law the case would be tried under the laws existing prior to enactment of chapter 430, section 1, Acts of the Sixty-first General Assembly. The trial court announced his ruling was the law of the case. In other words the court held the statute only applies prospectively.

Upon completion of plaintiff's case in chief, defendant made a motion for directed verdict which was overruled. Without introducing any evidence defendant rested and renewed his motion. It was then sustained and judgment for costs entered against plaintiff, from which he has appealed.

Plaintiff asserts the trial court erroneously construed the applicability of the new statute and as a consequence thereof erred in directing a verdict against him. Defendant argues the statute affects substantive rights and is prospective only.

The parties have carefully limited the issue to whether the quoted statute is retrospective or prospective only. We hold as to burden of proof it must be treated as operating retroactively.

I. The question whether a statute operates retrospectively or prospectively only is one of legislative intent. Davis v. Jones, 247 Iowa 1031, 1034, 78 N.W.2d 6, 7; 50 Am. Jur., Statutes, section 478. In determining such intent it is a general rule all statutes are to be construed as having a prospective operation only unless the purpose and intent of the legislature to

give it retroactive effect is clearly expressed in the Act or necessarily implied therefrom. The rule is subject to an exception where the statute relates to remedies and modes of procedure. If a statute relates to a substantive right, it ordinarily applies prospectively only. If it relates to remedy or procedure, it ordinarily applies both prospectively and retrospectively. Davis v. Jones, 247 Iowa 1031, 1036, 78 N.W.2d 6, 9; Grant v. Norris, 249 Iowa 236, 247, 85 N.W.2d 261, 267; Hill v. Electronics Corp. of America, 253 Iowa 581, 590, 113 N.W.2d 313, 318. See also 82 C. J. S., Statutes, sections 414, 417, 421, 422; 50 Am. Jur., Statutes, sections 478, 482.

In Bascom v. District Court, 231 Iowa 360, 362, 363, 1 N.W. 2d 220, 221, we recognize the general rule as well as the exception thereto and quote this from Lewis v. Pennsylvania Railroad Company, 220 Pa. 317, 322, 69 A. 821, 822, 18 L. R. A., N. S., 279, 281, 13 Ann. Cas. 1142: "* * * No one can claim to have a vested right in any particular mode of procedure for an enforcement or defense of his rights. When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending, and future actions. If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceeding: Sutherland on Statutory Construction, section 482, and the authorities there cited. * * *."

II. Neither party contends the statute expresses a legislative intent it should be applied retroactively, nor do we find such language in the statute. Plaintiff's position therefore necessarily depends on establishing the statute relates to remedy or procedure which is often referred to as adjective law.

Black's Law Dictionary, Fourth Ed., page 1598, states Substantive Law is "That part of law which creates, defines, and regulates rights, as opposed to 'adjective or remedial law,' which prescribes method of enforcing the rights or obtaining redress for their invasion."

At page 1367, Black defines Procedural Law as: "That which prescribes method of enforcing rights or obtaining redress for their invasion; machinery for carrying on a suit." At page 1457 Remedial is defined as: "Affording a remedy; giving

the means of obtaining redress. Of the nature of a remedy; intended to remedy wrongs or abuses, abate faults, or supply defects. Pertaining to or affecting the remedy, as distinguished from that which affects or modifies the right."

Supported by a long list of cited authorities from other jurisdictions the Arizona Court in holding a right to appeal is substantive but the manner in which the right may be exercised is procedural in State v. Birmingham, 96 Ariz. 109, 110, 392 P.2d 775, 776, states: "Uniformly, the substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. It is often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective."

While the distinction between remedial procedures and impairment of vested rights is often difficult to draw we believe our prior holdings establish the pleading and proof of contributory negligence in a tort action relates to remedy and procedure.

After discussing and approving an instruction which stated plaintiff would not be entitled to recover unless he establish he was not guilty of any negligence which contributed to his injury, this court in Bullard v. Mulligan, 69 Iowa 416, 419, 29 N.W. 404, 405, states: "The rule expressed in the instructions has uniformly been held applicable in this state in cases of personal injury. [Citations] And it is doubtless applicable in all cases of injury to property where at the time of the injury the property was under the personal control or management of the owner. *It, however, is but a rule of practice.*" (Emphasis added.)

Bascom v. District Court, supra, 231 Iowa 360, 1 N.W.2d 220, recognizes and carefully considers the difference between statutes affecting substantial rights and those affecting only procedure.

Kingery v. Donnell, 222 Iowa 241, 268 N.W. 617, considers the question of substantive and procedural law and holds that burden of proof in and of itself is procedural but the question of whether contributory negligence need contribute in any way

or in any degree or whether contributory negligence must be a proximate cause in order to bar the recovery, is a substantive matter. It was a tort action involving an automobile accident which happened in Missouri.

The Missouri law of. contributory negligence required it be a proximate cause in order to bar a recovery. Such is one of the provisions of the statute now being considered by us.

Prior to the effective date of our statute, July 4, 1965, a claimant was required to plead and prove his freedom from negligence which contributed in any way or in any degree directly to the accident. Proof of proximate cause was not involved. Aitchison v. Reter, 245 Iowa 1005, 1011, 64 N.W.2d 923, 927; Brewer v. Johnson, 247 Iowa 483, 486, 72 N.W.2d 556, 558; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 715, 107 N.W. 2d 85, 90.

In Kingery v. Donnell, supra, at pages 250, 251, 222 Iowa, pages 622, 623, 268 N.W., we say: "In the State of Missouri, contributory negligence is a matter of defense, while in Iowa, the plaintiff must allege and prove freedom from contributory negligence. In either event, its existence, once established, defeats recovery. As to the way and manner its existence shall be pleaded and proved, and the rules by which the acts, omissions or conduct of the plaintiff bearing on this issue is weighed in determining whether or not contributory negligence has been established is a matter of procedure pertaining to the remedy and is governed by the law of the forum. In other words, the issue as to whether or not under the facts, either actionable negligence on the part of the defendant, or contributory negligence on the part of the plaintiff has been properly pleaded and proved, will be determined by the law of the forum, this being a matter pertaining to the remedy. But the standard or degree of care required, as well as its legal effect, when once established by the proof, on the rights or liabilities of the parties must be measured by the legal standard laid down by the law of the jurisdiction where the injury occurred. * * * Stated in another way, the manner of proving facts is a matter of evidence or of procedure, but the facts to be proved are not matters of procedure but matters with which the procedure has to deal."

Defendant relies heavily on Freeby v. Incorporated Town of Sibley, 195 Iowa 200, 191 N.W. 867, which states the burden of proving contributory negligence affects a substantial right. It fails to distinguish between adjective and substantive law and to separate one from the other. It is contrary to our later opinion in Kingery v. Donnell, supra, and the modern definitions and holdings which recognize the distinction. Insofar as it holds burden of proof is a substantive right Freeby v. Incorporated Town of Sibley, supra, is hereby expressly overruled as unsound.

III. We hold the new statute, now section 619.17, Code 1966, affects both remedial or procedural and substantive rights. As to burden of proof the statute is retroactive and, of course, prospective. As to the quantum of proof it is prospective only.

Stated otherwise, as to actions brought involving an accident which occurred prior to July 4, 1965, but trial commenced thereafter the burden is on defendant to plead and prove plaintiff's negligence contributed in any way or any degree directly to the injury or damage. However, in actions brought involving accidents which occurred on or subsequent to July 4, 1965, the defendant, if he relies upon the negligence of plaintiff as a complete defense or bar to plaintiff's recovery, has the burden of pleading and proving negligence of plaintiff was a proximate cause of the injury or damage.

In the case at bar defendant, if he so desired, had the burden to plead and prove plaintiff was guilty of contributory negligence. The accident having happened before July 4, 1965, defendant, however, was only required to prove contributory negligence under the rule in effect prior to said date.

The trial court's ruling on defendant's motion for directed verdict was based on an erroneous construction of the statute. Plaintiff is entitled to a new trial.—Reversed.

All JUSTICES concur.