Warren J. ANDERSON, Jr., Appellant,

v.

The GOODYEAR TIRE & RUBBER COMPANY, Appellee.

No. 56990.

Supreme Court of Iowa.

Nov. 23, 1977.

Thomas F. Bell, of Mt. Pleasant, for appellant.

Lane & Waterman, of Davenport, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

MASON, Justice.

Plaintiff, Warren J. Anderson, Jr., appeals from the adverse ruling of the trial court on his motion for new trial in a law action seeking damages for personal injuries. Rule 331(a), Rules of Civil Procedure (now Rule 1(a), Rules of Appellate Procedure).

Plaintiff was injured June 6, 1970, when a tire manufactured by defendant, The Goodyear Tire & Rubber Company, exploded while plaintiff was attempting to mount the tire on the tire rim of one of plaintiff's customers. He sought damages against Goodyear and other named defendants for his injuries. In this appeal we are concerned only with the claim for relief asserted against Goodyear.

In the division of his petition directed against Goodyear plaintiff bases his claim for relief on negligent design (Count I), breach of express and implied warranties (Count III) and strict liability (Count IV). Goodyear filed a general denial and set out affirmative defenses of contributory negligence and assumption of risk. Trial was had and the jury began its deliberations.

After more than six hours the trial court, pursuant to rule 203(a), R.C.P., recalled the jury and instructed them they could render a verdict upon which five-sixths of the jurors agreed. The jury rendered a ten to two verdict for Goodyear. Plaintiff thereupon moved for a new trial. When this motion was denied and judgment was entered against him, plaintiff appealed.

Plaintiff's contentions present the following questions for review:

1. Is rule 203(a), R.C.P., unconstitutional because it conflicts with Article I, section 9 of the Iowa Constitution?

2. Is plaintiff barred from challenging the constitutionality of rule 203(a), R.C.P., because he did not object to the instruction given pursuant to the rule until his motion for a new trial?

3. Was plaintiff entitled to a unanimous jury verdict because he filed suit prior to the enactment of the present rule 203(a), R.C.P., where the prior rule 203(a) would have required such a verdict?

4. Is the affidavit of one of the two dissenting jurors competent evidence in avoidance of the verdict where such evidence shows one or more of the jurors may have misunderstood the court's instructions?

These issues will be considered other than in the order in which they were argued to this court.

I. Plaintiff contends rule 203(a), R.C.P., is unconstitutional. Goodyear denies this contention and argues even if the rule is unconstitutional plaintiff is barred from raising this issue because he failed timely to object to the 203(a) instruction. Goodyear maintains this failure amounts to a waiver of plaintiff's right to assert any constitutional challenge.

In support of its position Goodyear relies on rule 196, R.C.P. This rule provides in pertinent part as follows:

" * * * Before argument to the jury begins, the court shall furnish counsel with a preliminary draft of instructions which it expects to give on all controversial issues, which shall not be a part of the record.

Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. But if the court thereafter revises or adds to the instructions, similar specific objection to the revision or addition may be made in the motion for new trial, and if not so made shall be deemed waived. * *." (Emphasis supplied).

Goodyear's argument is based on the fact it appears one of plaintiff's two counsel, prior to jury arguments, had a copy of the 203(a) instruction the court intended to use. Goodyear maintains because counsel did not object to the 203(a) instruction prior to the jury arguments, plaintiff's right to object to the instruction and to challenge the constitutionality of rule 203(a) was waived.

The underlined portion of rule 196 allows objections to a 203(a) instruction to be raised for the first time in a motion for new trial. If this were not the rule a situation could develop where timely objection could not be made. If the court failed to advise the attorneys of its intent to give a 203(a) instruction prior to the jury arguments there would be no grounds for any objection at that point. If later, after six hours of jury deliberations had passed, the court recalled the jury and gave the instruction when the attorneys were not present (as was the case here), there would be no opportunity to object. Thus, in the situation envisaged the only opportunity to object would be in the motion for new trial.

Plaintiff's challenge to the constitutionality of the 203(a) instruction first asserted in his motion for new trial was timely under the record before us. Hence, the question of the constitutionality of the in-

struction was preserved for review in this court. Goodyear's contention to the contrary is without merit.

II. As noted, plaintiff contends rule 203(a), R.C.P., effective July 1, 1973, is unconstitutional because it conflicts with Article I, section 9 of the Iowa Constitution. Because of this alleged conflict, plaintiff contends rule 203(a) could not exist in the absence of an amendment to the Constitution of Iowa.

■ The identical contention was urged by the plaintiff in *Pitcher v. Lakes Amusement Co.*, 236 N.W.2d 333 (Iowa), filed December 17, 1975. In the cited case the constitutionality of rule 203(a), R.C.P., was determined adversely to the contention urged by plaintiff in the case presently before us and is dispositive of the issue presented here.

The *Pitcher* opinion was not available to the court at the time of its ruling on the motion for new trial or to the parties at the time their briefs and arguments were filed in this matter.

III. Plaintiff next contends he was entitled to a twelve person jury which could only render a unanimous verdict. This contention is based on the fact the present suit was instituted May 25, 1972, before the present rule 203(a) became effective. Plaintiff maintains present rule 203(a) is a statute affecting substantive rights and thus it applies only prospectively. This interpretation is supported, plaintiff asserts, by section 4.1(1), The Code, where it is stated: "The repeal of a statute, after it becomes effective, does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

Previous rule 203(a) required the jury to return a unanimous verdict. It stated: "Before a verdict is returned, the parties may stipulate that it may be returned by a stated majority of the jurors. In the absence of such stipulation a verdict must be unanimous."

Present rule 203(a) does not, after six hours of jury deliberation, require a unanimous verdict. It states: "Before a general verdict, special verdicts, or answers to interrogatories are returned, the parties may stipulate that the finding may be rendered by a stated majority of the jurors. In the absence of such stipulation, a general verdict, special verdicts, or answers to interrogatories may be rendered by five-sixths of the jurors. However, no general verdict, special verdict, or answers to interrogatories may be rendered by five-sixths of the jurors or less until the jurors have deliberated for a period of not less than six hours after the issues to be decided have been submitted to them."

In *Schultz v. Gosselink*, 260 Iowa 115, 117–118, 148 N.W.2d 434, 435–436, we stated: "The question whether a statute operates retrospectively or prospectively only is one of legislative intent. * * * [citing authorities]. In determining such intent it is a general rule all statutes are to be construed as having a prospective operation only unless the purpose and intent of the legislature to give it retroactive effect is clearly expressed in the Act or necessarily implied therefrom. * * * ."

It appears if the general rule in *Schultz* is pertinent, present rule 203(a) should apply only prospectively because there is no indication of legislative intent to the contrary. However, there is an exception to the general rule.

In *Schultz*, 260 Iowa at 118, 148 N.W.2d at 436, it was stated the general rule is " * * * subject to an exception where the statute relates to remedies and modes of procedure. If a statute relates to a substantive right, it ordinarily applies prospectively only. If it relates to remedy or procedure, it ordinarily applies both prospectively and retrospectively. * * * [citing authorities]."

The answer to the prospective-retrospective application here then becomes one of determining whether rule 203(a) (past or present) was a substantive or procedural law.

In *Schultz,* 260 Iowa at 118–119, 148 N.W.2d at 436, we set out definitions pertinent hereto as follows:

"Black's Law Dictionary, Fourth Ed., page 1598, states Substantive Law is 'That part of law which creates, defines, and regulates rights, as opposed to "adjective or remedial law," which prescribes method of enforcing the rights or obtaining redress for their invasion.'

"At page 1367, Black defines Procedural Law as: 'That which prescribes method of enforcing rights or obtaining redress for their invasion; machinery for carrying on a suit.' At page 1457 Remedial is defined as: 'Affording a remedy; giving the means of obtaining redress. Of the nature of a remedy; intended to remedy wrongs or abuses, abate faults, or supply defects. Pertaining to or affecting the remedy, as distinguished from that which affects or modifies the right.' "

■ It is our view both past and present rules 203(a) are laws of procedure. They do not create a substantive right to a trial by jury. They prescribe the method by which the right to a trial by jury shall be enforced. The right to a trial by jury is given in the Constitutions of Iowa and the United States.

Because rules 203(a) are rules of procedure, the present rule 203(a) fits within the exception to the general rule noted previously and, therefore, applies both prospectively and retrospectively. Plaintiff's claim to a vested right to a trial by jury is correct. He does not, however, have the right to have that jury bound to return a unanimous verdict.

■ Plaintiff's contention he has a vested right to the procedure set forth in old rule 203(a) is without merit. He cannot have a vested right in a rule of procedure. In *Schultz,* 260 Iowa at 118, 148 N.W.2d at 436, we quoted from *Bascom v. District Court,* 231 Iowa 360, 362, 363, 1 N.W.2d 220, 221 (quoting from *Lewis v. Pennsylvania Railroad Company,* 220 Pa. 317, 322, 69 A. 821, 822, 18 L.R.A.,N.S., 279) as follows: " * * * No one can claim to have a

vested right in any particular mode of procedure for an enforcement or defense of his rights. When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending, and future actions. If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceeding: * * * [citing authority]."

For the reasons thus stated, plaintiff was not entitled to the application of old rule 203(a). The procedure for enforcing plaintiff's right to a trial by jury was governed by present rule 203(a). The trial court was correct in applying present rule 203(a) to the trial which commenced September 18, 1973.

In the interest of clarity we must consider one further issue in this division. Goodyear maintains rule 203(a) is a "rule of procedure" and thus is not a statute. Goodyear argues because it is not a statute its effect is governed by Rule 1(b) of the Rules as enacted July 4, 1943. Rule 1(b) was as follows:

"These Rules will take effect on July 4, 1943. They govern all proceedings in actions brought after they take effect, and also further proceedings in actions then pending, except to the extent that in the opinion of the court in which the action is pending their application in a particular action pending when the Rules take effect would not be feasible, or would work injustice, in which event the former procedure applies."

■ Goodyear's position is without merit. As stated in *Kutrules v. Suchomel,* 258 Iowa 1206, 1210, 141 N.W.2d 593, 596: "We have repeatedly held that Rules of Civil Procedure have the force and effect of statutes. *Krebs v. Town of Manson,* 256 Iowa 957, 960, 129 N.W.2d 744; *State v. District Court,* 253 Iowa 903, 905, 114 N.W.2d 317; and *Hubbard v. Marsh,* 239 Iowa 472, 474, 32 N.W.2d 67."

Since the Rules have the force and effect of statutes, the general rule and the exception thereto apply to interpretations of the Rules.

■ Rule 1(b) is not applicable here. The part of the rule relied on by Goodyear concerns the effect of retroactive application of the Rules that went into effect July 4, 1943. It does not affect the retroactive application of present rule 203(a) which went into effect July 1, 1973.

While Goodyear's contention on this point is without merit, it did argue, in the event it was incorrect, the general rule and exception thereto noted previously would control and present rule 203(a) should apply retrospectively. We agree.

IV. Plaintiff also contends the trial court erred in denying his motion for a new trial. He insists the jury erred because it did not consider Count I (negligent design) and Count III (breach of express and implied warranties) of his petition when it reached its verdict. Plaintiff maintains the jury verdict was only based on Count IV (strict liability) of his petition.

In support of this position plaintiff offered the affidavit of one juror who dissented in the ten to two verdict. That affidavit is in pertinent part as follows:

" * * * At no time following the instructions given providing for less than unanimous verdict did we reconsider under the less than unanimous instruction Divisions [Counts] I and III being negligence and warranty, respectively, as previously submitted to us by the Court's original instructions. I requested that we return to Divisions I and III and consider these under the less than unanimous instruction as submitted by the Court, but I was not able to prevail and over my objection deliberations continued as to Division IV only.

"I did not concur in the verdict and did not sign the verdict form by which a verdict was rendered for the defendant. The jury did not make a final decision as to Divisions I and III in rendering a verdict for the defendant. It was my understanding that if the plaintiff was entitled to recover that the plaintiff could have recovered under any of the three issues submitted to us, namely Division I—negligence, Division III—warranty and Division IV—strict liability and that if the defendant was entitled

to recover it was necessary for the defendant to prevail and receive a favorable jury vote as to all three of said issues submitted to the jury."

Goodyear asserts such evidence is incompetent in avoidance of the verdict. It argues it is well settled in Iowa that a juror may not impeach the verdict as to matters which inhere in the verdict. It is Goodyear's position the juror's affidavit goes to the proposition the jury misunderstood the instructions of the court and, therefore, the affidavit is incompetent in avoidance of the verdict. There is merit in this position.

*Wright v. Illinois and Mississippi Telegraph Co.,* 20 Iowa 195, 210 (1866), laid down the rule which this court follows today:

" * * * That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, *as that the juror did not assent to the verdict; that he misunderstood the instructions of the court;* the statement of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast." (Emphasis supplied).

It was later stated in *Oakes v. Peter Pan Bakers, Inc.,* 258 Iowa 447, 457, 138 N.W.2d 93, 99-100, 10 A.L.R.3d 247, 255-256:

" * * * In view of plaintiff's concession, it is perhaps unnecessary to point out we have consistently held affidavits of jurors may not be used to show their reasons

for assenting to the verdict, *or that they did not assent to it,* or it was not the result of their deliberate judgment, or *they did not understand the court's instructions* since all these matters inhere in the verdict. * * [citing authorities]." (Emphasis supplied).

As this court later stated in *Rancho Grande v. Iowa State Hgwy. Comm.,* 261 Iowa 861, 868, 156 N.W.2d 293, 298:

"The grounds upon which the jurors assent to the verdict, where there has been no misconduct in bringing extraneous matters to the jurors' attention cannot be shown to impeach it, *nor is it competent in this way to show the jury misunderstood the law which was correctly stated in the instructions.* * * * [citing authorities]." (Emphasis supplied).

This same proposition is stated at 8 Wigmore on Evidence, (McNaughton Rev.), section 2349, pp. 681–682:

"Accordingly, it is today universally agreed that on a motion to set aside a verdict and grant a new trial the verdict cannot be affected, either favorably or unfavorably, by the circumstances:

"that one or more jurors *misunderstood* the judge's *instructions* ;". (Emphasis in original).

■ The affidavit of the juror here is incompetent in avoidance of the verdict. Plaintiff, however, argues such evidence is competent because this juror dissented from the verdict and, therefore, his thoughts and reasons for dissenting did not inhere in the verdict.

This contention is untenable.

The reasons and thoughts behind a dissenting vote do inhere in the verdict just as do those of an assenting vote. Any other rule would give rise to the very wrong our rule is intended to prevent. As was stated in *Wright,* 20 Iowa at 210–211:

" * * * To allow a juror [assenting or dissenting] to make affidavit against the conclusiveness of the verdict by reason of * * * the effect and influence of any of these matters upon his mind, * * *, would be practically to open the jury room

to the importunities and appliances of parties and their attorneys, and, of course, thereby to unsettle verdicts and destroy their sanctity and conclusiveness."

As stated, the affidavit of the juror is incompetent in avoidance of the verdict. The ruling of the trial court denying plaintiff's motion for new trial as to this point was correct.

We find no error requiring reversal. The case is therefore—Affirmed.