IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Powell,                          :
                           Petitioner     :
                                          :
           v.                             : No.  406 C.D. 2023
                                          : Submitted:  March 8, 2024
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                           Respondent :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  May 7, 2024


       Lawrence Powell (Claimant) petitions for our review of the Workers'
Compensation Appeal Board's (Board) April 5, 2023 order (Order) affirming the
decision of Workers' Compensation Judge (WCJ) Michael Rosen (WCJ Rosen)
which modified Claimant's workers' compensation (WC) temporary disability
status from total to partial based on the results of an Impairment Rating Evaluation
(IRE) conducted under Section 306(a.3) of the Workers' Compensation Act (WC
Act).[1]   After careful review, we affirm the Board's Order.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No.
111 (Act 111), 77 P.S. § 511.3.

## I. Factual and Procedural History

On September 24, 2013, Claimant, then serving as a police officer for the City of Philadelphia (Employer), was involved in a work-related motor vehicle accident and sustained bodily injuries. Reproduced Record (R.R.) at 120a-21a. Employer filed an Amended Notice of Compensation Payable on September 28, 2018, acknowledging Claimant's injuries. *Id.* Claimant began receiving temporary total disability benefits from Employer through the WC Act in the amount of $850.81 per week. *Id.*

On March 5, 2021, Claimant underwent an IRE performed by Lynn W. Yang, M.D. (Dr. Yang), using the Sixth Edition, second printing, of the American Medical Association (AMA) Guides to the Evaluation of Permanent Impairment (Guides). R.R. at 64a-66a. Dr. Yang's January 28, 2022 IRE report assigned Claimant a whole-body impairment rating[2] of 8% and determined Claimant had attained maximum medical improvement.[3] *Id.* at 67a-70a. Employer thereafter filed a Petition to Modify Compensation Benefits requesting an amendment of Claimant's WC temporary disability status from total to partial. *Id.* at 5a-7a.

By decision and order circulated on September 13, 2022, *see* R.R. at 21a-26a, WCJ Rosen granted Employer's modification petition in light of Dr. Yang's credible testimony and her March 5, 2021 IRE. *Id.* at 25a. Claimant appealed WCJ Rosen's decision to the Board, alleging WCJ Rosen erred as a matter of law. *Id.* at 18a-19a.

---

[2] "[T]he term 'impairment rating' shall mean the percentage of permanent impairment of the whole body resulting from the compensable injury. The percentage rating for impairment under this clause shall represent only that impairment that is the result of the compensable injury and not for any preexisting work-related or nonwork-related impairment." 77 P.S. § 511.3(8)(ii).

[3] "Maximum medical improvement means that the claimant's condition has become 'static or stable,' but continued palliative care, such as treatment of pain, may be required." *DTE Energy Co., Inc. v. Workers' Comp. Appeal Bd. (Weatherby)*, 245 A.3d 413, 419-20 (Pa. Cmwlth. 2021).

The Board affirmed, *see id.* at 30a-36a, and Claimant now asks this Court to reverse the Board's Order.

## II. Discussion

Claimant presents two questions on appeal: (1) whether Section 306(a.3) of the WC Act violates the Nondelegation Doctrine embodied in article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1, and (2) whether Act 111's retroactive credit provisions violate the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, *id.* at art. I, § 11. *See* Claimant's Br. at 4.

This Court reviews an order of the Board for violations of a petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review for lack of substantial evidence supporting the findings of fact necessary to sustain the order.[4] *Id.* In considering questions of law, our standard of review is *de novo*, and our scope of review is plenary. *See Edwards v. Workers' Comp. Appeal Bd. (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 n.4 (Pa. Cmwlth. 2016). In other words, we need not defer to the conclusions of law below, and we review the entire record before us with a fresh pair of eyes. Additionally, we recognize that "any party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute 'clearly, palpably, and plainly' violates the Constitution." *Konidaris v. Portnoff L. Assocs., Ltd.*, 953 A.2d 1231, 1239 (Pa. 2008) (citation omitted).

---

[4] Claimant raises an objection to both WCJ Rosen's decision and the Order for lack of corroborating substantial evidence in his petition for review. Pet. for Review ¶¶ 5-6. Nonetheless, because Claimant does not raise or develop this issue in his brief, it is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Section 306(a.3) provides, in relevant part:

(1) When an employe has received total disability compensation pursuant to clause (a)[, *see* Section 306(a) of the WC Act, 77 P.S. § 511,] for a period of one hundred and four weeks, . . . the employe shall be required to submit to a medical examination which shall be requested by the insurer . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [Guides]. . . .

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [Guides], the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than thirty-five per centum impairment under the [Guides] . . ., the employe shall then receive partial disability benefits under clause (b)[, *see* Section 306(b) of the WC Act, 77 P.S. § 512]. . . .

(3) . . . the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [Guides] . . . .

77 P.S. § 511.3(1)-(4). Additionally, the credit provisions of Section 3 of Act 111 state:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [WC A]ct, ***an insurer shall be given credit for weeks of total disability compensation***

4

***paid prior to the effective date of this paragraph***.  This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [WC A]ct.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct, ***an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph***.

Act 111, § 3(1)-(2) (emphasis added).

A.  Section 306(a.3) and Nondelegation

We first address Claimant's contention that Section 306(a.3) violates the Pennsylvania Constitution's Nondelegation Doctrine, which enshrines the fundamental principle that, under our tripartite system of government, "the General Assembly cannot delegate 'to any other branch of government or to any other body or authority' the power to make law." *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 833 (Pa. 2017) (citation omitted) (*Protz II*).  This doctrine is embodied in article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1, which declares: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

In *Protz II*, the Pennsylvania Supreme Court invalidated Section 306(a.2) of the WC Act,[5] Section 306(a.3)'s predecessor, as an unconstitutional delegation of the General Assembly's legislative authority to the AMA. *Id.* at 835-36, 839.  The legislature thereafter enacted Act 111, replacing former Section 306(a.2) with Section 306(a.3).  This Court determined in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 319 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa. No.

---

[5] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

88 MAP 2019, filed August 18, 2020), that Section 306(a.3) does not violate the Nondelegation Doctrine because "[t]he standards adopted were not 'unseen' or unknown to the General Assembly at the time it enacted Section 306(a.3)" and, "unlike the AMA, the General Assembly clearly is not isolated from the political process and shielded from political accountability for its actions." *Id.* at 316-17. Accordingly, based on *Pennsylvania AFL-CIO*, we reject Claimant's argument that Section 306(a.3) violates the Nondelegation Doctrine.

B. Act 111 and the Remedies Clause

Claimant next argues Act 111's retroactive credit provisions violate the Remedies Clause of the Pennsylvania Constitution by extinguishing his "clear, vested property right in the indemnity benefits being received." Claimant's Br. at 25. The Remedies Clause provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11. The Remedies Clause, generally, "is invoked when a change in the legislation attempts to alter or eliminate a vested or accrued cause of action." *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635, 643 (Pa. Cmwlth. 2018). Thus, the Remedies Clause encompasses only those interests which are **vested**, *i.e.*, "something more than a mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Lewis v. Pa. R. Co.*, 69 A. 821, 823 (Pa. 1908).

Once vested, the Remedies Clause shields "an individual's remedy for an injury done" from retroactive legislative action. *Konidaris*, 953 A.2d at 1242.

Recently, an *en banc* panel of this Court rejected the idea that "a claimant has a vested right to ongoing benefits indefinitely" because "'there are reasonable expectations under the [WC] Act that benefits may change,' and it is not an extraordinary circumstance that a claimant's indemnity benefits may be reduced or end before a claimant believes they should." *Dunetz v. Charles H. Sacks D.M.D., P.C. (Workers' Comp. Appeal Bd.)*, 304 A.3d 134, 142-43 (Pa. Cmwlth. 2023) (*en banc*), *pet. for allowance of appeal filed* (Pa. No. 617 MAL 2023, filed Nov. 21, 2023) (citation omitted). Therefore, "Claimant's 'vested rights' have not been abrogated by Act 111," *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), and we are bound by established precedent to uphold Section 306(a.3)'s constitutionality under the Remedies Clause.

### III. Conclusion

Based on the foregoing, we affirm the Board's Order.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Powell,                          :
                          Petitioner       :
                                           :
          v.                               : No.  406 C.D. 2023
                                           :
City of Philadelphia (Workers'             :
Compensation Appeal Board),                :
                          Respondent :

# **O R D E R**

    **AND NOW**, this 7th day of May 2024, the April 5, 2023 order of the Workers'
Compensation Appeal Board is **AFFIRMED**.

                                          _____
                                          STACY WALLACE, Judge